WEST END AUTO WRECKING CO., INC. *v.* UNITED STATES.

No. 7928.—

Entry No. 723.

(Decided January 8, 1951)

*Jerome G. Clifford* for the plaintiff.
*David N. Edelstein,* Assistant Attorney General (*Richard H. Welsh* and *Samuel D. Spector,* special attorneys), for the defendant.

JOHNSON, Judge: This appeal for reappraisement pertains to the importation of 36 new grilles for Buick 8-cylinder automobiles. The grilles were invoiced at United States currency $12.50 each and entered at the same price plus 8 per centum sales tax, packed. The grilles were appraised at $38.65 each, less 30 per centum, packed, Canadian currency.

At the trial the treasurer of the plaintiff testified substantially as follows: He took care of the complete transaction of purchasing the merchandise in question. During a telephonic conversation, the exporter told him that Buick grilles were available. An agreement was made over the phone to take 36 of them at a price of $12.50 each. The witness received information from the shipper that their average selling price was $16.50 each and that the wholesale price was $12.50 each. A page from a price list of Buick parts showing that the 1942 grille body numbered 1322896 was listed at $23.50 each was admitted in evidence as exhibit 1. The witness testified that this price was subject to a discount of 30 per centum to dealers. The grilles in question, according to the witness, were all numbered 1322896 and were without any incidental adornments or connections. Another sheet also was produced by the witness from a Buick parts catalog and with a pencil he circled a picture of the grille like those in question. It was admitted in evidence as illustrative exhibit A. It is observed that the radiator grille body numbered 1322896, 1942, is priced on this catalog sheet at $27 each, rather than $23.50 each.

An affidavit of Morris Levy of the Levy Auto Parts Co., Ltd., of Toronto, Canada, was offered in evidence as exhibit 2. Mr. Levy stated in the affidavit substantially as follows: He was secretary and treasurer of the Levy Auto Parts Co., Ltd., of Toronto, Canada. The company had been engaged in the sale of grilles for 20 years. He was personally familiar with the sale of the 36 new grilles for Buick 8-cylinder automobiles to "our sole and exclusive selling and distributing agent for these Grilles in and for the United States of America." As he is in charge of all sales and sales records, and directs the general business and sales policy, he is familiar with all sales of grilles for home consumption in Canada and for export. He is familiar with the prices at which the company's products are freely offered for sale in the markets of Canada. He is familiar with the markets of Canada for grilles and the prices prevailing in those markets. Purchasers who bought for resale, usually bought in quantities of two or more and made their purchase in the ordinary course of trade, from free offers, without restriction of any kind. Sales of two exceeded sales in all other quantities, and prior to, at or about, and since the date of exportation, the grilles were freely offered for sale and sold to any and all purchasers in the principal markets of Canada in the ordinary course of trade in quantities of two grilles "for home consumption in Canada at Cana-

dian Dollars 16.50 each." No further testimony was adduced by either side.

According to the invoice, the price of $12.50 United States currency corresponds to $13.75 Canadian currency. This ratio is in accordance with the published rate of exchange for April 5, 1946, the date of exportation, of Canadian $0.909090 to the United States dollar. The witness testified that the "average" selling price equalled $16.50 each. The affiant stated that the plaintiff had paid the price as stated on the invoice, i. e., $12.50 each, United States currency, for the grilles in question, but that for home consumption, in quantities of two or more, $16.50 each, Canadian currency, was the price. No discount of any kind was mentioned. Exhibit 1 lists the grilles at a price of $23.50 each, which, when a 30 per centum discount was deducted, would leave a net price of $16.45 each. Illustrative exhibit A lists the same grille at a price of $27 each. If a 30 per centum discount is deducted therefrom, the net price would equal $18.90. These price-list sheets do not disclose whether the prices listed are in United States or Canadian dollars.

With so many prices for the same article, and the lack of evidence of actual sales in Canada at any of the prices quoted, I am of the opinion that the record is insufficient to establish a statutory value for the automobile grilles in question. Suffice it to say, the presumption of correctness attending the appraiser's finding of value has not been overcome. I therefore find that the value of the merchandise herein is the value found by the appraiser.

Judgment will be rendered accordingly.