(A. R. D. 31)

WEST END AUTO WRECKING CO., INC. *v.* UNITED STATES

Entry No. 723.

First Division, Appellate Term

(Decided August 5, 1953)

*Jerome G. Clifford* for the appellant.
*Warren E. Burger*, Assistant Attorney General, (*Samuel D. Spector*, special attorney), for the appellee.

Before OLIVER, MOLLISON, and FORD, Judges

OLIVER, Chief Judge: This case comes before us as a review of the decision in *West End Auto Wrecking Co., Inc. v. United States*, 26 Cust. Ct. 485, Reap. Dec. 7928, wherein the trial judge upheld the appraised value of $38.65 each, less 30 per centum, packed, Canadian currency, of 36 new grilles for Buick 8-cylinder automobiles imported from Canada and entered at the port of Pittsburgh, Pa.

The question concerning proper filing of this application for review has been the subject of previous proceedings. In the "Memorandum to Accompany Orders," 29 Cust. Ct. 548, A. R. D. 7, and "Memorandum to Accompany Order," dated March 10, 1953, the application for review here involved was held to be timely filed in compliance with the statute. The case is now before us on the merits.

There is record evidence showing that grilles, such as or similar to those in question, were not freely offered for sale or sold for export to the United States at the time of exportation of the shipment in question. The parties hereto have given effect to such market condition in their agreement that there is no export value for the present merchandise. Foreign value (19 U. S. C. § 1402 (c)) is concededly the proper basis for appraisement, which value appellant claims to be $16.50 each, Canadian currency. The addition of the Canadian sales tax of 8 per centum is not disputed.

Appellant (plaintiff below) introduced all of the evidence, which consists of oral testimony of the treasurer of the importing corporation, an affidavit (exhibit 2), and two price lists (exhibit 1 and illustrative exhibit A). A summary of the evidence is as follows:

The treasurer of the importing corporation described the article in question as "the grille on a '42 Buick, less the chrome moulding." It is made up of sheet metal stamping and equipped with vertical bearings; it has no parts whatsoever and is without any incidental adornments or connections. The article is identified in the price list (exhibit 1) as "1942 (Grille Body) 1322896—Price $23.50." Questioned concerning that price, the witness testified as follows:

Q. And the merchandise before the court was a quantity of 36 1942 Buick grilles; is that right?—A. Yes, sir.
Q. What is that price?—A. $23.50.
Q. Is that subject to any discount, do you know?—A. Yes, sir.
Q. What is that discount?—A. 30 percent *to dealers*. [Italics added.]

There was also received in evidence a picture shown in the price list (illustrative exhibit A) representing an automobile grille with chrome moulding. The witness explained that the articles in question were not equipped with the chrome moulding. The record is clear in showing that the prices set forth in the price list (illustrative exhibit A) were not received in evidence. The offer was limited to the picture (circled in pencil) and only that part of said price list was admitted by the trial judge.

In the affidavit (exhibit 2), executed by the secretary and treasurer of the Canadian exporting company, the witness testified that he has been engaged, for the past 20 years, in the sale of automobile grilles, and that he directs the general business, production, administration, and sales policy of his company. Referring specifically to the articles in question, the witness testified to the effect that automobile grilles, such as or similar to those under consideration, were, at the time of exportation of the shipment in question, freely offered for sale and sold to all purchasers for home consumption in the principal market of Toronto, Canada. Those who bought the grilles for their own use purchased in quantities of one or more; those who bought for resale purchased in quantities of two or more. All sales were made in the ordinary course of trade and "by actual count sales in quantities of two (2) exceeded sales in all other quantities." The price therefor was $16.50 each, Canadian currency.

Counsel for appellant, in his brief, discussing the evidence, includes the following statement:

In appellant's exhibit 1, a 1946 price list for the United States and Canada for Buick parts, the imported item, is priced as $23.50 each. This price, appellant's witness testified, is subject to a universal discount of 30%. Additional discounts vary (6). * * *

The foregoing quotation is not an accurate review of the record. There is nothing in the witness' testimony indicating "additional dis-

counts" were granted. He stated that "The original discount all through the country is 30 per cent," which discount, as shown by testimony hereinabove quoted, applied "to dealers." In other words, the only discount mentioned by the witness was the 30 per centum item which was not allowed to all purchasers, but, on the contrary, limited to a particular group.

The record reveals the following contradiction in appellant's evidence. The representative of the Canadian exporter testified, in his affidavit, that grilles, such as or similar to those in question, were freely offered to all purchasers at $16.50 (Canadian currency), which price did not vary according to the quantity purchased. The evidence adduced through the treasurer of the importing corporation establishes for the present merchandise a price of $23.50 each, which price was subject to the discount of 30 per centum (equivalent to $16.45), *to dealers only.* This variance in the evidence creates for the same merchandise different market conditions and different prices. No sales records of any kind were offered by either witness that might tend to clarify the conflicting evidence.

It is well recognized that the party appealing for a reappraisement has the twofold burden of not only overcoming the statutory presumption of correctness attaching to the value found by the appraiser, but also of establishing the correct dutiable value of the merchandise in order to prevail. *Sears, Roebuck & Co.* v. *United States,* 31 C. C. P. A. (Customs) 36, C. A. D. 246; *Harry Garbey* v. *United States,* 24 C. C. P. A. (Customs) 48, T. D. 48332. On the basis of the present record, appellant (plaintiff below) has failed to meet its obligations.

Accordingly, we find as matter of fact:

(1) That the merchandise consists of 36 new grilles for Buick 8-cylinder automobiles.

(2) That such or similar merchandise was not freely offered for sale or sold for export to the United States at the time of exportation of the shipment in question.

(3) That the record is insufficient to find the price at which such or similar merchandise was freely offered for sale to all purchasers for home consumption in the principal market of Toronto, Canada, in the ordinary course of trade.

We conclude as matter of law:

(1) That there was no export value for the grilles in question at the time of exportation of the present merchandise.

(2) That foreign value (19 U. S. C. § 1402 (c)) is the proper basis of appraisement for the articles in question.

(3) That such statutory value is the appraised value.

The judgment of the trial court is affirmed.